## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ANTONIO DEWAYNE HOOKS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. CIV-19-8-STE |
| ) | |
| SCOTT CROW, ) | |
| ) | |
| Respondent.[1] ) | |

### MEMORANDUM OPINION AND ORDER

Petitioner, a state prisoner appearing *pro se*, brings this action pursuant to 28 U.S.C. § 2254. (ECF No. 1). Because the sole habeas claim challenges the revocation of a prior suspended sentence, rather than the validity of Petitioner's underlying conviction, the Court will construe the Petition under 28 U.S.C. § 2241 rather than 28 U.S.C. § 2254.[2] The parties have consented to jurisdiction over this matter by a United States magistrate judge pursuant to 28 U.S.C. § 636(c). For the reasons set forth below, the Petition is **DENIED**.

### I. PROCEDURAL BACKGROUND

On June 15, 2012, Petitioner pled guilty to a charge of attempted robbery with a dangerous weapon. (ECF No. 1:1). He was sentenced to 20 years in prison, with all but

---

[1] The Clerk of Court is directed to substitute Scott Crow, Interim Director of the Oklahoma Department of Corrections, in place of former director, Joe Allbaugh, as Respondent. *See* Rules of Habeas Corpus, Rule 2.

[2] *See Leatherwood v. Allbaugh*, 861 F.3d 1034, 1041 (10th Cir. 2017) ("A state prisoner's challenge to the revocation of a suspended sentence is properly brought under § 2241.").

the first seven years suspended. (ECF No. 1:1). On January 27, 2017, the State filed an application to revoke Mr. Hooks' suspended sentence, alleging that he had committed 10 new crimes in three separate Oklahoma County cases: Case Nos. CF-2016-6800; CF-2016-2632; and CF-2016-8283. (ECF No. 23-5).[3]

In Case No. CF-2016-6800, Mr. Hooks was charged with: (1) domestic abuse by strangulation; (2) kidnapping; (3) attempting to prevent a witness from giving testimony; and (4) domestic abuse assault and battery resulting in great bodily injury.[4] In Case No. CF-2016-2632, Petitioner was charged with: (1) felon in possession of a firearm and (2) domestic abuse assault and battery.[5] In Case No. CF-2016-8283, Mr. Hooks was charged with: (1) two counts of assault and battery upon a police officer; (2) possession of a controlled dangerous substance with intent to distribute—cocaine; and (3) possession of a controlled dangerous substance within 2,000 feet of a park—cocaine.[6]

On December 30, 2016, the Oklahoma County District Court held a preliminary hearing in Case No. CF-2016-6800. Transcript of Preliminary Hearing, *State of Oklahoma*

---

[3] The Application to Revoke delineated 11 new charges, with 5 counts charged in Case No. CF-2016-6800. *See* ECF No. 23-5. But paragraphs 3 and 7 of the Application to Revoke are duplicative and the state court docket sheet in Case No. CF-2016-6800 reflects only four counts. *See* https://www.oscn.net/dockets/GetCaseInformation.aspx?db=oklahoma&number=CF-2016-6800.

[4] *See* https://www.oscn.net/dockets/GetCaseInformation.aspx?db=oklahoma&number=CF-2016-6800.

[5] *See* https://www.oscn.net/dockets/GetCaseInformation.aspx?db=oklahoma&number=CF-2016-2632.

[6] *See* https://www.oscn.net/dockets/GetCaseInformation.aspx?db=oklahoma&number=CF-2016-8283.

*v. Hooks*, Case No. CF-2016-6800 (Okla. Co. Dist. Ct. Dec. 30, 2016) (Preliminary Hearing in CF-2016-6800). On May 10, 2017, the Oklahoma County District Court held preliminary hearings in Case Nos. CF-2016-2632 and CF-2016-8283. Transcript of Preliminary Hearing had on the 10th day of May, 2017 before the Honorable Larry D. Shaw Special Judge, *State of Oklahoma v. Hooks*, Case No. CF-2016-2632 (Okla. Co. Dist. Ct. May 10, 2017) (Preliminary Hearing in CF-2016-2632); Transcript of Preliminary Hearing had on the 10th day of May, 2017 before the Honorable Larry D. Shaw Special Judge, *State of Oklahoma v. Hooks*, Case No. CF-2016-8283 (Okla. Co. Dist. Ct. May 10, 2017) (Preliminary Hearing in CF-2016-8283).

On August 11, 2017, the Oklahoma County District Court held a hearing on the State's Application to Revoke. Transcript of Proceedings had on the 11th day of August, 2017 before the Honorable Timothy R. Henderson District Judge, *State of Oklahoma v. Hooks*, Case No. RE-2017-850 (Okla. Co. Dist. Ct. Aug. 11, 2017) (Revocation Hearing). At the hearing, the District Court found that the State had proven by a preponderance of the evidence that Petitioner had committed the crimes of:

- domestic abuse by strangulation and kidnapping in Case No. CF-2016-6800;
- felon in possession of a firearm in Case No. CF-2016-2632; and
- two counts of assault and battery upon a police officer; possession of a controlled dangerous substance with intent to distribute—cocaine; and possession of a controlled dangerous substance within 2,000 feet of a park—cocaine in Case No. CF-2016-8283.

3

Revocation Hearing 35-36.[7] Accordingly, the District Court revoked Mr. Hooks' 13-year suspended sentence in full. Revocation Hearing 36.

On March 14, 2018, Petitioner appealed the revocation in the Oklahoma Court of Criminal Appeals (OCCA). (ECF No. 23-1). In the appeal, Mr. Hooks raised a single proposition, alleging that the revocation hearing he received did not meet the minimum Due Process requirements as set forth in *Gagnon v. Scarpelli*,[8] because the entire hearing was based on hearsay. (ECF No. 23-1:10). On October 25, 2018, the OCCA affirmed the revocation. (ECF No. 23-3).

On January 3, 2019, Mr. Hooks filed the instant habeas petition and asserts the *Gagnon* issue which he had presented on appeal. (ECF No. 1).[9] Respondent has filed his

---

[7] The Court notes an internal inconsistency in the District Court's findings. Following the presentation of evidence at the hearing to revoke, the District Court stated: "Court finds that State has proved by a preponderance of evidence paragraph 3 [of the Application to Revoke] … [and] paragraph … 7 [was] dismissed." Revocation Hearing 35-36. But as stated, paragraphs 3 and 7 represent duplicate charges, *see supra*, n. 4, which leads to this Court's conclusion that the District Court had rendered inconsistent findings—finding Mr. Hooks guilty on paragraph 3 and also concluding that paragraph 7 had been dismissed.

[8] 411 U.S. 1178.

[9] The habeas petition presented a number of issues in addition to the *Gagnon* claim, which had not been exhausted in state court, so the Court ordered Mr. Hooks to show cause as to why the Petition should not be dismissed as an improperly filed "mixed petition." (ECF No. 18). Petitioner responded and agreed to delete any unexhausted claims and proceed only on the *Gagnon* claim. (ECF No. 19).

Response to Petition for Writ of Habeas Corpus and Petitioner has filed a Reply. (ECF Nos. 23 & 28).[10]

## II. STANDARD OF REVIEW

Because this case is properly construed under 28 U.S.C. § 2241,[11] this Court's standard of review is *de novo*. *See Walck v. Edmondson*, 472 F.3d 1227, 1235 (10th Cir. 2007). "Because the proper review is de novo, Petitioner can only obtain habeas relief if he shows a constitutional violation by a preponderance of the evidence." *Mason v. Thornburgh*, No. CIV-15-1169-M, 2016 WL 7228899, at *3 (W.D. Okla. Oct. 24, 2016), *report and recommendation adopted*, No. CIV-15-1169-M, 2016 WL 7223461 (W.D. Okla. Dec. 13, 2016).

---

[10] In his Petition, Mr. Hooks refers to his "Appellate Argument" in support of the *Gagnon* claim. (ECF No. 1:5). Petitioner also filed a brief in support of his habeas petition, but the "brief" is comprised only of pleadings he had submitted in the OCCA regarding unexhausted claims. *See* ECF No. 2. Following the Response, Mr. Hooks filed four pleadings—ECF Nos. 28, 29, 30 & 31. In ECF No. 28, Petitioner filed a "Motion Opposing Motion to Dismiss." The Court construes this document as a Reply to the Response as the motion is responsive to the arguments asserted in the Response. *See* ECF No. 28. In ECF 29, Mr. Hooks has filed a pleading titled "Reply Brief," but instead of replying to the Response, Mr. Hooks asserts a new state law challenge to the timing of proceedings in state court on the charges outlined in the Application to Revoke. (ECF No. 29). In ECF No. 31, Plaintiff argues that he was not allowed to present an allegation of error under Oklahoma law in his underlying criminal case, and is apparently attempting to do so now. (ECF No. 31). Because the arguments set forth in ECF Nos. 29 and 31 would not be cognizable on habeas review, the Court **strikes both pleadings.** *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). In ECF No. 30, Petitioner argues that the court "flatly reject[]" the Response because it attached only portions of the transcripts from the preliminary hearing, which Petitioner believes "present[s] a false and misleading picture to the court." (ECF No. 30:1). But the Court is in possession of the entire Original Record in Petitioner's criminal case, including the preliminary hearing transcripts in their entirety, and is thus, not presented with a "false and misleading picture."

[11] *See supra*.

## III. PETITIONER'S CLAIMS/ISSUES BEFORE THE COURT

In Mr. Hooks' appellate brief, and as support for his habeas claim, he argues that during his revocation hearing, he was denied the minimum Due Process requirements as outlined in *Morrissey v. Brewer*,[12] and *Gagnon v. Scarpelli*. (ECF No. 23-1:5-13). Specifically, Petitioner alleges:

1. the preliminary hearing transcripts which were used as evidence at the revocation hearing were offered *ex parte* to the Court; and

2. a violation of Due Process based on the absence of live witnesses at the hearing and the State's use of only documentary evidence to support the Application to Revoke.

(ECF Nos. 23 & 28).

In his Reply, Mr. Hooks argues the sufficiency of the evidence used to support the revocation, stating:

1. the alleged victim in Case No. CF-2016-6800 committed perjury at the preliminary hearing;

2. The charges in Case No. CF-2016-6800 were ultimately dismissed;

3. The alleged victim in Case No. CF-2016-2632 "falsified a domestic abuse" which was later dismissed;

4. The alleged victim in Case No. CF-2016-2632 admitted that she had placed a firearm in Petitioner's backpack without his knowledge;

5. An arresting officer in Case No. CF-2016-2632 admitted, on cross-examination, that they had "learned about the gun from the alleged victim[.];"

6. The alleged officer-victims in Case No. CF-2016-8283 falsified their claims of assault and battery and relied on a single incident report in support of the two charges; and

---

[12] 408 U.S. 471 (1972).

> 7. The possession charges in Case No. CF-2016-8283 were ultimately dismissed.

(ECF No. 28:1-2).

Although 28 U.S.C. § 2241 does not contain an explicit exhaustion requirement, exhaustion of available remedies is required for petitions brought under § 2241. *See Garza v. Davis,* 596 F.3d 1198, 1203 (10th Cir. 2010). The exhaustion of remedies in a § 2241 case includes both administrative and state court remedies. *Hamm v. Saffle,* 300 F.3d 1213, 1216 (10th Cir. 2002). To properly exhaust state court remedies, a petitioner "must 'fairly present' his claim in each appropriate state court …, thereby alerting that court to the federal nature of the claim" and giving the State the first "opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (internal quotation marks omitted). Here, Mr. Hooks has not exhausted the sufficiency of the evidence claims in state court. *Compare* ECF No. 23 *with* ECF No. 28. Thus, the Court will not address those allegations and will limits its review to the issues presented in Mr. Hooks' direct appeal.

## IV. DENIAL OF THE HABEAS PETITION

As stated, Petitioner alleges that the revocation hearing violated his Due Process rights. For the reasons discussed below, the Court denies habeas relief.

### A. Due Process Requirements for a Revocation Hearing

In *Morrissey v. Brewer*, the United States Supreme Court held that although parole revocation hearings are not part of a criminal prosecution, and therefore do not require identical procedural protections, such hearings must provide the "minimum requirements

of due process." *Morrissey*, 408 U.S. at 489. These requirements include: (a) written notice of the claimed violations of parole; (b) disclosure to the parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a 'neutral and detached' hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking parole. *Morrissey*, 408 U.S. at 489.

In *Gagnon v. Scarpelli*, the Court extended Morrissey's Due Process protections to cases involving probation revocation hearings. *See Gagnon v. Scarpelli*, 411 U.S. 778, 782 (1973). Additionally, the Supreme Court has held that traditional rules of evidence generally do not apply in parole and revocation proceedings. *Morrissey,* 408 U.S. at 489 ("[T]he process should be flexible enough to consider evidence including letters, affidavits, and other material that would not be admissible in an adversary criminal trial"). Finally, Due Process also requires the State to provide "sufficient evidence" to support the revocation. *Black v. Romano*, 471 U.S. 606, 615-16 (1985).

### B. No Improper Admission of Preliminary Hearing Transcripts

Mr. Hooks first alleges that the preliminary hearing transcripts which had been offered at the revocation hearing "went one step farther away from the mandates of *Morrissey* when [they] [were] provided to the court prior to the hearing and in what appears to an *ex parte* manner." (ECF No. 23-1:12). Habeas relief may not be granted unless an evidentiary ruling "rendered the [proceeding] so fundamentally unfair that a

8

denial of constitutional rights results." *Duckett v. Mullin*, 306 F.3d 982, 999 (10th Cir. 2002). In this case, the trial judge stated he had read the transcripts and admitted them as evidence in the revocation hearing. Revocation Hearing 17, 29. Petitioner provides no support for his theory that the transcripts had been improperly submitted and nowhere does *Morrissey* dictate the terms of evidentiary submissions. *See Morrissey*, 408 U.S. at 471-500. Thus, the Court denies relief on this claim. *See Bush v. Allbaugh*, No. CIV-16-475-F, 2017 WL 5710464, at *3 (W.D. Okla. Oct. 18, 2017), *report and recommendation adopted,* No. CIV-16-0475-F, 2017 WL 5711400 (W.D. Okla. Nov. 27, 2017) (because the trial judge announced he was 'receive[ing] as evidence in the motions to revoke ... the transcripts from the preliminary hearing,' and the judge read and considered that evidence in rendering the revocation decision, the evidentiary submissions did not render the revocation hearing fundamentally unfair).

### C. No Violation of Due Process

Mr. Hooks argues a violation of *Morrissey/Gagnon* because: (1) the absence of live witnesses violated his Sixth Amendment right of confrontation, and (2) the State's evidence constituted impermissible hearsay, the use of which rendered his revocation hearing fundamentally unfair. (ECF No. 23-1 & 28). The Court rejects these arguments.

### 1. No Sixth Amendment Violation

The Sixth Amendment of the United States Constitution guarantees an individual accused of a criminal offense the right "to be confronted with the witnesses against him." U.S. Const. amend. VI. In *Crawford v. Washington*, 541 U.S. 36 (2004), the United States Supreme Court held that the Confrontation Clause bars the admission of testimonial

hearsay unless the declarant is shown to be unavailable and the defendant had an earlier opportunity to cross-examine the declarant. *Id.* at 51-52. However, because parole revocation hearings are not "criminal prosecutions," the Tenth Circuit Court of Appeals has specifically held that "the Sixth Amendment's right to confrontation does not apply in this situation, neither do any Supreme Court cases dealing with it, specifically *Crawford.*" *Curtis v. Chester*, 626 F.3d 540 (10th Cir. 2010). Thus, to the extent Petitioner argues that the absence of live witnesses violated his Sixth Amendment right of confrontation, this argument is denied.

### 2. No Fundamental Unfairness

Next, Petitioner argues that the *Morrissey/Gagnon* "minimum requirements of due process" were not met because "the entire hearing was based on hearsay." (ECF No. 23-1:10, 12). At the revocation hearing, the State presented no live witnesses, but instead relied on documentary evidence in the form of:

- three preliminary hearing transcripts in Case Nos. CF-2016-6800, CF-2016-2632, and CF-2016-8283;

- a lab report from the Oklahoma State Bureau of Investigation (OSBI) presented in Case No. CF-2016-8283 which identified a white powdery substance as cocaine;

- a "Miranda Warning Statement Form" signed by Petitioner in Case No. CF-2016-2632; and

- a "Voluntary Statement Form" signed by Petitioner in Case No. CF-2016-2632, stating that a gun was in a bag owned by him.

*See* ECF No. 23-8 (Preliminary Hearing in Case No. CF-2016-6800); ECF No. 23-6 (Preliminary Hearing in Case No. CF-2016-2632); ECF No. 23-7 (Preliminary Hearing in

Case No. CF-2016-8283; ECF No. 23-11 (OSBI report); ECF No. 23-9 (Miranda Form); and ECF No. 23-10 (Voluntary Statement Form). Petitioner asserts that the evidence constituted impermissible hearsay which rendered his revocation hearing fundamentally unfair in violation of the Fourteenth Amendment. The Court disagrees.

At the revocation hearing, the State introduced, and the trial court admitted, excerpts from three preliminary hearing transcripts in Case Nos. CF-2016-6800, CF-2016-2632, and CF-2016-8283. Revocation Hearing 28. The Supreme Court has held that in a revocation hearing, a defendant's right to confront and cross-examine witnesses is subject to a determination by the court that good cause exists for not requiring confrontation. *Gagnon,* 411 U.S. at 786. In Petitioner's case, the trial judge found that the preliminary hearing testimony was admissible in lieu of live testimony, because Mr. Hooks' attorneys had a prior opportunity to cross-examine the witnesses. Revocation Hearing 28. Mr. Hooks has not shown that such finding violated his right to Due Process. *See Williams v. Addison*, No. CIV-06-1364-R, 2009 WL 1752172, at *7 (W.D. Okla. June 19, 2009) ("Petitioner's right to fundamental fairness was not violated by the admission of the victims' testimony given under oath and subject to cross-examination at the Petitioner's preliminary hearing.").

What remains is the State's use of: (1) a lab report from the OSBI used in Case No. CF-2016-8283; (2) a "Miranda Warning Statement Form" signed by Petitioner in Case No. CF-2016-2632; and (3) a "Voluntary Statement Form" signed by Petitioner in Case No. CF-2016-2632, admitting to ownership of a bag containing a firearm. *See* ECF Nos. 23-9, 23-10, 23-11. Petitioner objects to the use of "transcript and hearsay documentary

evidence" as violating Due Process. *See* ECF No. 23-1:12. But because he only presents a specific argument concerning the State's use of the OSBI lab report, the Court will limit its discussion to the same. *See Thorpe v. Soares,* No. 99-1013, 1999 WL 314636, * 2 (10th Cir. Mar. 19, 1999) (unpublished) ("summary or conclusory claims [in a habeas action] are insufficient to establish a constitutional violation").

Mr. Hooks alleges that the OSBI lab report which the State presented in support of the charges in Case No. CF-2016-8283 constituted impermissible hearsay because it had been submitted "without a sponsoring witness"—i.e.—the officer who presented the substance to the OSBI for testing had not testified at the preliminary hearing in that case. (ECF No. 23-1:12). But at the preliminary hearing, Mr. Hooks' attorney did not object[13] and this Court finds that the report was properly admitted under the "business record" exception to the hearsay rule, as set forth in 12 O.S. § 2803. As a result, the Court concludes that the OSBI report did not constitute impermissible hearsay, and its use did not render the revocation hearing fundamentally unfair. See *Curtis v. Chester*, 626 F.3d at 547 (noting the proper use of a police report at a revocation hearing as falling under a clearly established hearsay exception).

**D.    Summary**

In sum, the Court concludes:

1. The procedure by which the State introduced and admitted the preliminary hearing transcripts into evidence at the revocation hearing did not render the trial fundamentally unfair;

---

[13]    *See* ECF No. 23-7:10.

2. At the revocation hearing, Petitioner was not entitled to the right of confrontation as afforded by the Sixth Amendment; and

3. The State's admission and the Court's reliance on documentary evidence at the revocation hearing did not violate Mr. Hooks' Due Process.

## ORDER

Based on the forgoing analysis, the Court denies habeas relief.

ENTERED on July 19, 2019.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE